UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALARIE MILLER,

                          Plaintiff,

                                            CIVIL CASE NO. 05-40349

v.

McKINLEY INC., et al.,                    HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT

                          Defendants.
_____/

**<u>ORDER</u>**

On August 8, 2005, Plaintiff filed a housing discrimination suit alleging violations of both federal and state law. The state claims were dismissed by U.S. District Judge Nancy Edmunds, the judge originally assigned to the case. The case containing the remaining federal claims was later reassigned to this Court as Case No. 05-40310. Plaintiff then filed the dismissed state claims in Wayne County Circuit Court, Case No. 05-526867-CH. After Defendant McKinley, Inc. removed the Wayne County Circuit Court case to federal court, this Court issued an order of remand on December 1, 2005. Defendants then submitted to the Court a letter dated December 22, 2005, requesting that the Court reconsider its order of remand. Because of the nature of the letter's request, the Court will construe the letter as a motion for reconsideration.

The Court first notes that Defendants' letter is in violation of Rule 7 of the Federal Rules of Civil Procedure, which states: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1). Defendants'

letter also does not follow the Local Rules for the Eastern District of Michigan with regard to motion practice.

The Court further notes that a motion for reconsideration "***must*** be filed within 10 days after entry of the judgment or order." E.D. Mich. Local R. 7.1(g)(1) (emphasis added). This mandatory language indicates that the Court does not have discretion to allow delayed motions for reconsideration. The judgment which Defendants seek to have reconsidered was filed on December 1, 2005. Defendants' letter is dated December 22, 2005, more than 10 days after the Court issued its order of remand. Defendants' letter does not articulate reasons for the delay.

In their letter, Defendants assert that they are now able to satisfy the rule of unanimity, and that the Court has jurisdiction over the ancillary state law claims not because of diversity jurisdiction, but because of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 WL 472176, at *1 (6th Cir. Apr. 18, 1997), *aff'g*, 915 F. Supp. 909 (E.D. Mich. 1996) (Gadola, J.).

As the Supreme Court of the United States held in *City of Chicago v. International College of Surgeons*:

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction must be exercised in all cases. Our decisions have established that

> pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [*Gibbs*, 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [*id.* at 726-27]. *See also* [*Carnegie-Mellon Univ. v.*] *Cohill*, 484 U.S. 343, 350 (1988) ("As articulated by Gibbs, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 357.
>
> The supplemental jurisdiction statute codifies these principles. After establishing that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, § 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction. . . .
>
> Depending on a host of factors, then--including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims--district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Cohill*, [484 U.S. at 350].

522 U.S. 156, 172-73 (1997). *See also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C. Cir. 1994); *Brazinski v. Amoco Petrol. Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). *But cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447-48 (2d Cir. 1998).

In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law. *See*

*Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems. Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience. Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. Plaintiff's state law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal claim. *See* 28 U.S.C. § 1367(c)(2); *Gaines v. Blue Cross Blue Shield of Mich.*, 261 F. Supp. 2d 900, 906 (E.D. Mich. 2003) (Gadola, J.); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp. 2d 787, 790-91 (E.D. Mich. 2002) (Gadola, J.); *see also Rugambwa v. Betten Motor Sales, Inc.*, 200 F.R.D. 358, 368

(W.D. Mich. 2001); *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 690, 695 (E.D. Tex. 2000); *Caraballo v. S. Stevedoring, Inc.*, 932 F. Supp. 1462, 1465 (S.D. Fla. 1996); *James v. Sun Glass Hut, Inc.*, 799 F. Supp. 1083, 1084-85 (D. Colo. 1992). Moreover, the Court finds that judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction in this case. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726. Therefore, the Court denies Defendants' motion for reconsideration, and declines to exercise supplemental jurisdiction over the state law claims.

Finally, the Court is also compelled to deny Defendants' motion for reconsideration because of the doctrine of the law of the case, as expressed in the Court's December 1, 2005 order. *See United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' letter dated December 22, 2005, construed as a motion for reconsideration, is **DENIED**.

Dated:   January 20, 2006             s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

5

Certificate of Service

I hereby certify that on   January 23, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

 Gerald C. Davis; Mark S. Demorest; Angela Harmon-Kuhl; Michael Mauro; Natalie C. Najarian; Gina U. Puzzuoli; David J. Yates                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                              .

s/Ruth A. Brissaud

Ruth A. Brissaud, Case Manager

(810) 341-7845

6